I would like to begin, I know that this same topic has been discussed now in great detail in the last previous cases, but I'd like to begin by talking about my particular client and my particular case. My particular client is convicted of murder two. He's been in prison at the time of this hearing of this parole or this appeal approximately 14 years. And it was his second parole hearing, and it was based upon the California State's determination of his minimum eligible parole date. And they're the ones that fixed that minimum eligible parole date. And when he went to have his hearing, these 14 years he'd been in prison, he had been an exemplary prisoner. He'd only had one administrative, 115, in this whole period of incarceration. That he had adequate parole date or, excuse me, he had adequate parole plans. And he had done his psychological reviews, all of which said that he was a, that his chance for repetitive violence was very low. And he was denied a parole based upon the factors of the crime. And what I'm here today to talk about is there was no reasoning or no logical explanation given for that other than the factors of the crime. It met every other criteria that the Board requires, but they turned him down because of the crime. Now, I know due to previous discussions here today that there, that can be a reason for turning down someone. But what we're saying is that there should be an explanation. There is a right from due process to require an explanation as to why these factors outweigh those factors in determining parole. We call that due process. It's been discussed, and the phrase has been brought up here before, about wholly arbitrary deprivation of liberty. And that wholly arbitrary deprivation of liberty is something that this judicial system is here to prevent. There's also been discussion about the sum evidence rule. Sum evidence rule is the minimum amount of criteria that the Court has to review anything. If you don't have a minimum evidence rule, then you have the wholly arbitrary deprivation of liberty. We can't say someone goes to jail or stays in jail because of the color of his eyes or the clothes that he's wearing. There has to be a reason why these things happen. And that's why we feel that, as been discussed previously, the California State law says that you will stay in prison if you are a current danger to other people. Could you just point to me in the record what the document is in the passage that you are saying is unreasoned? Oh, in our record? Yeah. You're talking about which decision? The board's? The board's decision. Yes, the board's. Sorry. Yes, Your Honor. The board's decision. We look to the, in the last reason, State court decision here is the superior court. Is that right?   And the board decision, the conclusion that's unreasoned is what? No. It was my stating that the reason for it was because that, I mean, they stated the reason was because they concurred with the board. You're talking about the State court now? Yes. Well, if we look at the State court, they, the State court is comparing this case to, is it Rosencrantz? Yes. It's been depublished since that time. But at the time, comparing it to the circumstances there and then saying, didn't think that, I mean, thought that there was a basis to distinguish and, therefore, this case was not Rosencrantz and, therefore, this case presented some evidence to be upheld. How do we argue with a State court making a weighing of one case versus the other and saying if, you know, if Rosencrantz is here and that might net you a positive result, this case is different than Rosencrantz and, therefore, there is some evidence for the parole board's decision? What, under what theory would we say, well, the State court just didn't weigh the factors right or misread, I'm not sure we should even say they're misreading the Rosencrantz decision, but how would we even benchmark that decision if the State court walked through the various factors? Well, that's one of the problems that we have, Your Honor. The State court did not walk through the various factors. They did not consider all of the things that I'm talking about today. They simply just affirmed. And that we feel after, based on the Rosencrantz, that that's what requires the review. I'm sorry. Which is the State court decision? I just am having trouble finding it. Is it the Superior Court decision? Yes. Yes. For the Rosencrantz? No. No. I'm still on this case. This is an order-denying petition for writ of habeas corpus? It's basically the Superior Court has kind of a page and a half, correct? I have it. And which case was depublished? The Rosencrantz. Yes. But it hadn't been at this time? Not at this time, no. But again, we still go back to the State law. Where does that get you?  Where does that get you? That doesn't help, Your Honor. Yeah. But the point is, is that we still go back to arguing the State laws. There has to be some evidence of current dangerousness. And our argument is simply that the Court did not meet that standard or neither the parole board meet that standard of tying in or that step two of tying in current dangerousness with the past crime. That's the argument that we're making. It was never tied in. And they failed in the due process step of doing that. And we feel that that is something that needs to be done, that it needs to be tied in. Now, we use this. My client now has been in prison for 22 years. He's gotten a parole date. It's been rescinded from the Governor the last couple of years as well. But they did it for the same reason as you have it here today, is they used the crime. He still has a stale year record while he's been in prison for 22 years. Here he had it for 14 years. That has not changed. They're still using the same crime, the same factors they denied him at this time to deny him the date. My point is this. When do these factors outweigh other factors as the decision is brought out in the transcript? Does 22 years, does 14 years of stale year conduct in prison, does that outweigh the crime? And if so, why? That is never answered. That is never analyzed. And that is what we're discussing today, or I'm discussing today, in order for justice to be done, in order for due process to be served, there has to be an analysis. I personally am disappointed in the argument that some evidence is not required because the Supreme Court hasn't said that, because we know that without some evidence that the person or the inmate is wholly deprived of liberty. This is the whole reason why we have the court system, so that people cannot arbitrarily deny someone else's liberty or take something away from them. Some evidence is the minimum you can go without going down to that no threshold at all. And that is what we're arguing here today. And, again, like I said, this has been argued over and over. This is the third time. I don't want to waste the Court's time going back on those arguments. But this is the perfect reason we're here today is to beseech the Court to understand that there has to be a nexus between current dangerousness. And it has to be explained. You cannot throw away 22 years or 14 years of good behavior, of doing what you're supposed to do in prison because of the crime. It has to at least be discussed. In my client's particular case, before I close, not only has he had the last 22 years, in this case 14 years, of good behavior in prison and doing what he's supposed to do, he had nearly 30 years prior to that of no violence in his history. And this is an aberration in his life, and those factors are factors that must be explained if they're going to be ignored in making the decision. Thank you. Sotomayor, thank you. Thank you, Counsel. You have used your time. Pamela B. Hooley, on behalf of the Respondent and Appellee. Again, in this case, the district court properly concluded that the Federal petition should be denied because the State courts did not unreasonably apply any clearly established Supreme Court authority. Here, Mr. Adams is challenging a 1999 hearing decision, a 2001 adjudication in the State courts. There was no clearly established law violated when the State courts upheld the Board's decision. This is a case that does not revolve merely around Mr. Adams' crime, but also his attitude toward it. He had consistently told different stories about the crime. He claimed it was self-defense, yet he shot someone seven times, stabbed him as well. It was not unreasonable for the State courts to uphold the Board's decision in that context, especially where the Board found that Mr. Adams frankly wasn't truthful during his hearing or during his meetings with the clinicians for the reports that were used for the hearing. There is simply no basis to overturn the district court's decision unless the court has questions to direct me to. Kennedy. Were all those things articulated by the Board when they said that he did the Board state that he had been untruthful during his? Yes, Your Honor. The presiding commissioner noted that he was skeptical of the favorable psych report because Adams had not been completely truthful during that interview and also expressed doubts about Adams' veracity during the hearing. And that's in the excerpts of record, Adams' excerpts, tab 1 at pages 69 to 71. Unless there are no further questions, the district court's opinion here should be affirmed. Thank you. Thank you. The case just argued is submitted for decision. We'll hear the next case, which is?
judges: Schroeder, Canby, McKeown